Hownim, J.
On the 22d October, 1855, the defendant Haynes sold to A. M. Waddill a tract of land in the parish of Carroll, taking the notes of the purchaser, secured by mortgage and vendor’s privilege, for the price; the two last of said notes maturing respectively on 1st January, 1864, and 1st January, 1866.
On 20th October, 1859, Waddill sold the property to H. B., J. S. & M. S. Troutman, receiving the purchasers’ notes, secured also by mortgage and vendor’s privilege ; two of which notes having passed into the hands of plaintiffs, they instituted suit, via ordinaria, on them, in the District Court of Carroll, on 29th March, 1866, for the purpose of enforcing theii; mortgage and privilege on the property against the Troutmans.
On 22d January, 1866, more than two months prior thereto, the defendant, John Haynes, obtained an order of seizure and sale upon the two last notes hold by him, against the same property, in a proceeding against Waddill, upon whom notice was served on 7th February following.
On the 7th day of the next April, plaintiffs instituted this proceeding to enjoin the sale and to have the mortgage and privilege in favor of Haynes and the order of seizure and sale thereon declared null and void, for the reason that said mortgage and privilege are “ dead for want of reinscription within ten years. ”
Defendant excepted to plaintiffs’ right to enjoin the executory proceedings against his mortgage debtor, or change the executory into ordinary proceedings. This exception was referred to the merits, and defendant answered by a general denial, and specially denying that plaintiffs’ action is one of nullity, but an interpleading by third persons to arrest executory process on grounds of alleged irregularities and illegalities.
Plaintiffs contend that defendant is attempting to enforce, to their prejudice, an incumbrance which has no legal existence whatever, and that they are permitted to show it in this form of action, and to have the alleged mortgage declared null, as to them, and the sale prohibited.
If the mortgage sought to be enforced by Haynes has no legal existence, the attempted sale under it can in no manner prejudice or injure the plaintiffs’ rights of mortgage upon the same property; and, consequently, they have no grounds, in this regard, for an injunction ; and if Haynes’s mortgage has validity, they cannot enjoin the sale under it.
Article 739 O. P. enumerates the only causes for which the debtor may enjoin the executory process ; and, supposing the plaintiffs might exercise the debtor’s rights in this respect, none of the causes specified in said article are set forth in the petition. Plaintiffs admit, and we think, *133 very properly, that the question of the prescription of defendant’s mortgage is not involved nor raised. See 2 A. 113.
Articles 395 el seq. point out the means by which third persons may protect their rights. If they claim to be oxeners of the thing seized, they may, by petition, oppose and enjoin the sale. Plaintiffs do not claim as owners; they have set up a right upon the property, which, we have seen, will not be effective if defendant’s mortgage does not exist, and which will not authorize the writ of injunction, if said mortgage has legal validity.
We are unable to perceive upon what principle plaintiffs can maintain this proceeding. They do not ask the mortgage to be erased. This they could have effected, under the Act of 1843 (Session Acts, p. 61), by simple application in writing to the recorder of the parish, and, perhaps, in a suit with proper parties and upon proper allegations. They do not allege fraud or error as the ground of nullity of the act of mortgage. They ask that the mortgage be declared null for want of reinscription within ten years. This is not declared by law to be a cause of nullity.. Indeed, Art. 3333 C. C. recognizes the right of reinscription after the lapse of ten years, which is inconsistent with the quality of nullity. Inscription ceases to be evidence of the mortgage after the lapse of ten years, and is not subject to the rules of prescription; but it can be removed by the act of the creditor. 2 A. 109.
As plaintiffs have the means of protecting their rights, if imperiled, we áre not inclined to sanction the engrafting of a new proceeding upon our practice. The case of Kloin v. Coon and Husband, 10 A. 522, cited by them as authority for their action, is not in point. It was a suit to annul a judgment on the grounds of fraud, collusion, insolvency, etc., and the right to an injunction was sustained under Art. 303 C. P., which authorizes the writ whenever “ necessary to prevent one of the parties to the suit from doing an act injurious to the other, and fox• which an aciioxi will He.” In this case we can see no injury, resulting from the act of defendant Haynes, which will give rise to an action against him by plaintiffs.
We think the exception to plaintiffs’ right of action should have been maintained, as there is no legal cause for the injunction or.the demand of nullity; but we do not consider the case one in which damages should be allowed.
It is therefore ordered, that the judgment appealed from be reversed, and that the injunction be dissolved and plaintiffs’ petition dismissed, with costs in both courts.